UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICHARD CAIRES,

                Plaintiff,              16-cv-4579 (PKC) (DCF)

     -against-               MEMORANDUM
                                               AND ORDER

FEDERAL HOME LOAN MORTGAGE
CORPORATION, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        By memorandum and order dated June 21, 2017, plaintiff's complaint was dismissed with prejudice. (Dkt. 51.)  Plaintiff, representing himself pro se, has submitted a document titled "Plaintiff's Motion for Reconsideration," with twenty-four numbered paragraphs. (Dkt. 53.)  The Court construes this submission as a motion for reconsideration pursuant to Rule 60(b), Fed. R. Civ. P.  For reasons to be explained, the Court denies plaintiff's motion.

DISCUSSION

    I.    Legal Standard.

        A district court may grant relief from an order pursuant to Rule 60(b), Fed. R. Civ. P., if certain grounds are shown.  For example, if there was "mistake, inadvertence, surprise, or excusable neglect" or if there is "any other reason that justifies relief."  Rule 60(b), Fed. R. Civ. P.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion

reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration should be granted only when the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013).

II. Application.

Richard Caires brought claims against the Federal National Mortgage Association ("Fannie Mae"), the Federal Home Loan Mortgage Corporation ("Freddie Mac"), and JPMorgan Chase Bank, N.A. ("Chase") for tortious deceit and conduct, negligence, and misrepresentation, citing 42 U.S.C. § 1331, the First, Seventh, and Fourteenth Amendments, as well as Article III of the Constitution. The Court dismissed plaintiff's amended complaint pursuant to Rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief could be granted, and in the alternative, on the grounds that the compliant failed to conform to the pleading standards required by Rule 8(a), Fed. R. Civ. P.

Plaintiff's motion requests that the Court "change the judgment to dismissal without prejudice," (Pl.'s Mot. for Recon., July 12, 2017, Dkt. 53 at ¶ 2), and asserts that he "obtained additional evidence that support the claims and allegations in his complaint," (id.) at ¶ 3. Plaintiff asserts that newly discovered evidence demonstrates that the "true party in interest" is Washington Mutual Asset Acceptance Corporation. (Id. at ¶¶ 6, 10, 21-22.) Plaintiff names various parties not named as defendants in this case as having contact in some way with the "construction loan" that appears to be at the base of many of the allegations of wrongdoing in his complaint. (Id. at ¶¶ 13-18.)

Plaintiff does not indicate any law or any allegation in his complaint that the Court overlooked.  Plaintiff's motion for reconsideration deals primarily with parties not named in the original complaint.  Nothing in plaintiff's motion warrants any relief from the Court.  Plaintiff's motion for reconsideration (Dkt. 53) is DENIED.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
        July 27, 2017